**DE RONG LIAN, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 07–0838–ag.

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as respondent in this case.

Thomas V. Massucci, New York, NY., for Petitioner.

Michael B. Mukasey, Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Vanessa O. Lefort, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner De Rong Lian, a citizen of the People's Republic of China, seeks review of a February 5, 2007 order of the BIA, affirming the August 18, 2005 decision of Immigration Judge ("IJ") William F. Jankun, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Rong Lian,* No. A96 040 869 (B.I.A. Feb. 5, 2007) *aff'g* No. A96 040 869 (Immig. Ct. N.Y. City Aug. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we agree with the government that by failing to raise relevant arguments in his brief to this Court, Lian has waived any challenge to the agency's decision regarding his fear of persecution based on either his illegal departure from China or the outstanding debt he owes to a loan shark in China. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). However, we disagree with the government's argument that Lian's remaining argument based on his claim that he engaged in "other resistance" to the family planning policy is not properly before us. Because that argument is subsidiary to the claims he raised before the agency, we will consider it. *Steevenez v. Gonzales,* 476 F.3d 114, 117

(2d Cir.2007). Regardless, we find that it is without merit.

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). In this case, the BIA indicated that the IJ erred by not reviewing the case under the standard implemented by the REAL ID Act. Nevertheless, in reviewing the case under the new standard, the BIA ultimately agreed with the IJ's conclusions. Thus, we review both the BIA's and the IJ's decisions, to the extent that the BIA agreed with the IJ's reasoning.

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Here, we find that the agency's denial of relief was supported by substantial evidence because Lian failed to establish a likelihood that he would be persecuted based on his opposition and resistance to the family planning policy. *See Shi Liang Lin,* 494 F.3d at 309–10; *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.

2005). Lian provided no evidence that the government was either aware of his participation in a seemingly peaceful protest outside of a family planning office or that the government was actively looking for him based on that alleged "resistance" to the family planning policy. Therefore, the agency did not err in denying Lian's application for asylum. Because the agency's finding that Lian had not met his burden of demonstrating eligibility for asylum is supported by substantial evidence, the agency's findings that Lian had not met his burden in establishing eligibility for either withholding of removal or CAT relief were also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).